Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000915
07-DEC-2018
07:57 AM

NO. CAAP-18-0000915

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ALFRED NAPAHUELUNA SPINNEY, Defendant-Appellant,

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH HILO DIVISION
(CASE NO. 3DCW-17-0003264)

ORDER DISMISSING APPELLATE COURT CASE NUMBER
CAAP-18-0000915 FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Upon review of the record of district court criminal case number 3DCW-17-0003264 and the resulting appeal in appellate court case number CAAP-18-0000915, it appears that we lack appellate jurisdiction pursuant to Hawaii Revised Statutes (HRS) § 641-12(a) (2016). Defendant-Appellant Alfred Napahueluna Spinney (Spinney), pro se, appeals from the Honorable M. Kanani Laubach's November 15, 2018 interlocutory order requiring Spinney to appear in district court on November 23, 2018, and imposing a deadline of November 19, 2018, for exhibits, witnesses, and motions with respect to the future trial on Plaintiff-Appellee State of Hawaii's (the State) December 4, 2017 complaint against Spinney for criminal contempt of court in violation of HRS § 710-1077 (2014 & Supp. 2017). Under these circumstances, dismissal of the appeal is warranted.

"The right of appeal in a criminal case is purely statutory[.]" State v. Nicol, 140 Hawaiʻi 482, 485, 403 P.3d 259, 262 (2017) (citation and internal quotation marks omitted). The Hawaiʻi Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (2016). HRS § 641-12(a) provides that "[a]ppeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." Consequently, "in order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of the court pursuant to HRAP Rule 4(b)(3)." State v. Bohannon, 102 Hawaiʻi 228, 236, 74 P.3d 980, 988 (2003); see also Rule 32(c)(2) of the Hawaiʻi Rules of Penal Procedure.

In the instant appeal, the November 15, 2018 interlocutory order is not independently appealable under HRS § 641-12(a). It will be eligible for appellate review after a timely appeal from a future appealable final judgment under the principle that, "[a]s a general rule, an appeal from a final judgment in a case brings up for review all preceding interlocutory orders in the case." State v. Adam, 97 Hawaiʻi 475, 482, 40 P.3d 877, 884 (2002) (citations omitted). The district court has not yet entered a final judgment on the State's original December 4, 2017 complaint against Spinney for criminal contempt of court in violation of HRS § 710-1077, and, thus, we lack appellate jurisdiction over this appeal.[1]

---

[1] "Generally, the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case." TSA International Limited v. Shimizu Corporation, 92 Hawaiʻi 243, 265, 990 P.2d 713, 735 (1999) (citations omitted). "The general rule, however, assumes that the notice of appeal is valid under the applicable statutory provisions and procedural rules. Where the notice of appeal is jurisdictionally defective, filing the notice does not transfer jurisdiction from the trial court to the appellate court." Ontiveros, 82 Hawaiʻi 446, 449, 923 P.2d 388, 391 (1996) (citations omitted; emphasis added).

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-18-0000915 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, December 7, 2018

Chief Judge

Associate Judge

Associate Judge

3